UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD M. GARFIELD, | Case No.: 1:19 CV 128 |
| Petitioner, | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| WARDEN LASHANN EPPINGER, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

*Pro se* Petitioner Edward M. Garfield filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently serving a life sentence in the Grafton Correctional Institution, having been convicted in the Lorain County Court of Common Pleas in 2009 of one count of rape. As grounds for relief, he asserts: (1) the trial court lacked subject matter jurisdiction because a criminal complaint was not filed in his case; and (2) the trial court ignored his right to due process. For the reasons set forth below, the Petition is denied and this action is dismissed.

**Background**

On September 7, 2005, the Lorain County Grand Jury indicted Petitioner on one count of rape of a victim younger than 13 years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The case was tried to a jury from August 24, 2009 through August 28, 2009. On August 28, 2009, the jury returned a guilty verdict. On November 25, 2009, the trial court sentenced him to life imprisonment and notified him of his classification as a Tier III sex offender.

Petitioner filed an appeal of his conviction, raising ten assignments of error:

1. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT [PETITIONER] WAS GUILTY OF RAPE.

2. [PETITIONER'S] RAPE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

3. THE TRIAL COURT ERRED IN ADMITTING THE DVD INTO EVIDENCE.

4. THE TRIAL COURT ERRED IN PERMITTING THE STATE TO INTRODUCE A SURPRISE WITNESS DURING THE COURSE OF TRIAL WHO WAS NOT LISTED IN PRE–TRIAL DISCOVERY AND WHO DRAMATICALLY UNDERMINED [PETITIONER'S] PROFFERED DEFENSE. THIS DENIED [HIM] DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS.

5. THE TRIAL COURT ERRED IN RULING THAT THE TESTIMONY OF CHRISTINE GARFIELD WAS HEARSAY.

6. THE TRIAL COURT ERRED IN ALLOWING THE DATES IN THE INDICTMENT AND BILL OF PARTICULARS TO BE AMENDED DURING TRIAL.

7. THE TRIAL COURT ERRED IN RULING THAT THE ORIGINAL INDICTMENT WAS INADMISSIBLE.

8. [PETITIONER] WAS NOT AFFORDED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

9. THE TRIAL COURT ERRED IN NOT ALLOWING AN EVALUATION OF THE VICTIM AND EXPERT TESTIMONY.

10. THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED [PETITIONER] A FAIR TRIAL.

*See State v. Garfield*, No. 09CA009741, 2011 WL 2120063, at *1-15 (Ohio Ct. App. May 31, 2011).

The Court of Appeals affirmed the conviction in May 2011. Petitioner did not appeal this decision

to the Supreme Court of Ohio.

Instead, Petitioner filed a Motion to Reopen Appeal under Ohio Appellate Rule 26(b) citing ineffective assistance of appellate counsel. That Motion was denied on the merits on December 9, 2011. He appealed that decision to the Supreme Court of Ohio. The Supreme Court dismissed the appeal as not involving a substantial constitutional question on June 1, 2012.

Petitioner then filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Ohio on December 27, 2018. He asserted three grounds: (1) No Complaint for Conviction; (2) Trial Court is in Violation of Due Process, 14th Amendment; (3) Trial Court lack(ed) subject matter jurisdiction. *Garfield v. Eppinger*, No. 2018-1833 (Ohio S. Ct. Feb. 13, 2019). The only explanation he provides for these grounds is, "If the commitment or cause of detention cannot be procured without impairing the efficiency of the remedy, the fact should be stated. The imprisonment of the petitioner is without legal authority wherefore, petitioner requests that a Writ of Habeas Corpus be issued to said name, and that he may be dismissed from custody." *Id.* The Supreme Court denied the Petition *sua sponte* on February 13, 2019).

Prior to receiving a decision on his Ohio Habeas Petition, Petitioner filed this federal Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He asserts two grounds for relief:

> 1. No Complaint. [The] trial court lack[ed] subject-matter jurisdiction not having a Complaint.
>
> 2. Trial court in violation of Petitioner's due process. Basically ignoring Petitioner's Constitutional rights of due process.

(Doc. No. 1 at 6 and 8). He does not provide any additional explanation of his claims.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28

3

U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

4

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

**Procedural Barriers to Habeas Review**

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining

5

whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th

Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## Law and Analysis

Petitioner's grounds for relief cannot be raised in a federal Habeas Corpus Petition. Relief under § 2254 is available to a person in custody pursuant to a state court judgment in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The manner in which a state criminal action is initiated in state court, whether by criminal complaint or by indictment, is a matter of state law, not federal constitutional law. Federal habeas corpus relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001). The only exception to this principle is where a state court's error in interpreting or applying its own law has rendered the trial that convicted Petitioner so fundamentally unfair that it deprived him of substantive due process. *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005). The fundamental fairness principle has only been applied to pretrial proceedings where there is some effect on the fairness of the trial itself. This is not the case here. Petitioner was indicted, and he was tried on the charge in the indictment. The manner in which his case was initiated did not deny him substantive due process. Petitioner's

grounds for relief are not cognizable in a federal Habeas Petition.

Petitioner's due process claim is not well defined. The Court reads his due process ground as an attempt to bring the state law claim for initiating the criminal case with an indictment instead of a complaint as a federal habeas claim. It is possible, however, that he intended to bring an entirely different due process claim before the Court. Two of the grounds for relief he raised on direct appeal could be construed as due process claims. Even if he is attempting to assert one of those claims in this Petition, this action would be dismissed as those grounds have not been fully exhausted at the state court level. Petitioner did not appeal the decision of the Appellate Court on direct appeal to the Supreme Court of Ohio. He appealed the denial of his Motion to Reopen his Appeal under Appellate Rule 20(b); however, that decision was based on a determination that appellate counsel was not ineffective. Ineffective assistance of appellate counsel is not a ground for relief in this Petition. Consequently, the grounds raised on direct appeal are unexhausted, requiring this Court to deny the Petition.

**Conclusion**

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, the Petition (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*/s/SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 31, 2019